**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4743**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOHAMED ABDI JAMA, a/k/a Mohammed Abdi Jamah,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:10-cr-00057-RAJ-DEM-2)

—————————

Submitted:  December 5, 2025                                    Decided:  January 12, 2026

—————————

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

—————————

**ON BRIEF:** Paul A. Driscoll, ZEMANIAN LAW GROUP, Norfolk, Virginia, for Appellant. Lindsey Halligan, United States Attorney, Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury in the Eastern District of Virginia convicted Mohamed Abdi Jama of 10 offenses related to his participation in two piracy attempts in the Gulf of Aden. Those offenses included using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count 9); and using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (Count 10). The district court sentenced Jama to life in prison for one of the offenses—piracy—plus a consecutive sentence of 60 months' imprisonment on Count 9 and another consecutive sentence of 300 months' imprisonment on Count 10. We affirmed Jama's convictions and sentence. *United States v. Osman*, 705 F. App'x 190 (4th Cir. 2017); *United States v. Said*, 798 F.3d 182, 200 (4th Cir. 2015).

In August 2021, the district court vacated Jama's convictions and sentences on Counts 9 and 10. The district court declined to conduct a resentencing hearing on the remaining convictions. The Government appealed, and we left undisturbed the district court's vacatur of Jama's conviction and sentence on Count 9, but we reversed the district court's vacatur of Jama's conviction on Count 10 and remanded for the reinstatement of that conviction. *United States v. Jama*, No. 21-7302, 2022 WL 17581958, at *1 (4th Cir. Dec. 12, 2022) (citing *United States v. Said*, 26 F.4th 653, 665 (4th Cir. 2022)). We also "remand[ed] for the district court to consider in the first instance whether to resentence Jama under the sentencing-package doctrine." *Id.*

2

On remand, the district court conducted a resentencing hearing. The district court sentenced Jama to "time served" on seven of his offenses, life imprisonment on the piracy offense, and a consecutive term of 120 months' imprisonment on Count 10. The district court also sentenced Jama to a total of five years of supervised release. The district court entered an amended judgment imposing that sentence.

On appeal from the amended judgment, Jama's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no potentially meritorious grounds for appeal but questioning: (1) whether the district court erred in resentencing Jama to life imprisonment for his piracy conviction; (2) whether Jama's sentence was otherwise procedurally and substantively reasonable; (3) whether the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), impacted Jama's conviction on Count 10; and (4) whether the district court erred in denying Jama's pretrial motion for a change of venue. Jama later filed a pro se brief arguing that the district court lacked jurisdiction to convict him of piracy and that his life sentence for piracy is unconstitutional.[1]

After conducting our *Anders* review of the record, we directed the parties to submit supplemental briefs addressing the following issue: Whether the district court committed an error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), during resentencing, and whether any *Rogers* argument is barred by the mandate rule or any similar doctrine.

---

[1] Jama also petitioned for an initial hearing en banc. We deny that petition.

3

Jama's counsel has submitted a supplemental brief asserting that the district court committed a *Rogers* error by including 13 "Standard Conditions of Supervision" in the amended judgment that were not orally pronounced during the resentencing hearing. Jama's counsel also contends that the mandate rule does not prevent this court from considering the *Rogers* error because this court's mandate authorized the district court to conduct a resentencing hearing on remand. The Government has filed a supplemental brief agreeing with Jama's counsel on both fronts.

Starting with Jama's and his counsel's challenges to Jama's convictions, we conclude that they are barred by the law-of-the-case doctrine and the mandate rule. "Generally, the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Fusaro v. Howard*, 19 F.4th 357, 367 (4th Cir. 2021) (internal quotation marks omitted).

"The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded after an appeal. *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007). The rule limits later proceedings to issues falling within the appellate court's mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). The rule thus "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "litigation of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted); *see Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and

4

thus not remanded." (internal quotation marks omitted)). We have similarly recognized that, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc., v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation marks omitted).

We conclude that the mandate rule bars Jama's challenges to the denial of his motion for a change of venue and his piracy conviction. In Jama's appeal after the entry of the initial criminal judgment, we affirmed Jama's convictions. *Said*, 798 F.3d at 200. And Jama did not pursue his venue argument or his jurisdictional argument in that appeal despite having the opportunity to do so. Moreover, none of the exceptions to the mandate rule applies to either argument. *See United States v. Lassiter*, 96 F.4th 629, 635 (4th Cir.) (describing exceptions to mandate rule), *cert. denied*, 145 S. Ct. 208 (2024).

As for Jama's challenge to his conviction on Count 10, we reversed the district court's vacatur of Jama's conviction for that offense in his prior appeal. *Jama*, 2022 WL 17581958, at *1. We thus conclude that the law-of-the-case doctrine bars that challenge. And we are satisfied that none of the exceptions to that doctrine applies to that challenge. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (describing exceptions to law-of-the-case doctrine).

Finally, we agree with the parties that the district court committed a *Rogers* error when resentencing Jama. In *Rogers*, we held that a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. 961 F.3d at 297. When a district court includes in the written judgment a supervised release condition

5

that was not orally pronounced, we generally vacate the defendant's entire sentence and remand for resentencing. *See Lassiter*, 96 F.4th at 640. "We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether a[] [*Rogers*] error occurred as a matter of law." *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (alteration and internal quotation marks omitted).

Here, the amended judgment contains discretionary conditions of supervised release that were not pronounced at the resentencing hearing. In particular, the amended judgment imposes 13 "Standard Conditions of Supervision" that were not pronounced during the resentencing hearing. To be sure, the district court mentioned Jama's presentence report when imposing the conditions of supervised release, and the presentence report specified those 13 standard conditions. But the district court did not mention "standard conditions" or make any other statement that might be construed to incorporate those conditions from the presentence report. *See id.* at 118-19 (explaining how district court may satisfy *Rogers* through oral incorporation); *United States v. Smith*, 117 F.4th 584, 606 (4th Cir. 2024) ("[A]n adoption of proposed conditions of supervised release by a sentencing court—such as recommendations of such conditions set forth in the defendant's [presentence report]— requires those conditions to be expressly incorporated."), *cert. denied*, 145 S. Ct. 1340 (2025). We thus agree with the parties that the district court committed a *Rogers* error at resentencing.

We also agree with the parties that the mandate rule does not bar our consideration of that *Rogers* error. Our mandate authorized the district court to conduct a resentencing

6

hearing on remand. The district court elected to do so and entered an amended judgment that contains a *Rogers* error. Jama's decision not to challenge similar *Rogers* errors in past judgments entered in his case does not preclude him from pursuing the most recent *Rogers* error. Put succinctly, Jama could not have previously challenged the *Rogers* error in the most recent amended judgment because that amended judgment did not exist at the time of Jama's prior appeals.

Based on the *Rogers* error, we must vacate Jama's entire sentence and remand for resentencing.[2] *See Lassiter*, 96 F.4th at 640. Accordingly, we affirm Jama's convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED
IN PART, AND REMANDED*

---

[2] Given the *Rogers* error, we have no occasion to consider Jama's and his counsel's other challenges to Jama's sentence. *See United States v. Singletary*, 984 F.3d 341, 346-47 (4th Cir. 2021).